## COPELAND et al. v. JOHNSON MANÛF'G CO.

*(Supreme Court, General Term, First Department.* November 23, 1888.)

1. PLEADING—AMENDMENT—CHANGING CAUSE OF ACTION.
   An amendment of a complaint, which alleges an agreed price for services, by inserting an allegation as to their reasonable value, does not change the cause of action.

2. SAME—OMISSION FROM JUDGMENT—APPEAL—OBJECTIONS NOT RAISED BELOW.
   Where the amendment is reduced to writing, and ordered to be made, and the record shows that it was made, it cannot be objected, on appeal, that it was not made, though it is omitted from the judgment.

3. CORPORATIONS—ACTION FOR SALARY OF OFFICER—RATIFICATION.
   There being evidence that a report of the liabilities of defendant, showing an amount due plaintiffs' assignor for a salary, had been before a stockholders' meeting, and was not objected to, there is sufficient evidence of ratification of the rendition of the services to go to the jury.

Appeal from circuit court, New York county; BARRETT, Justice.

Action by Charles E. Copeland and Earle C. Bacon, assignees of Frank G. Johnson, against the Johnson Manufacturing Company, on a claim of the assignor for services as president of defendant. There was evidence that a report of the liabilities of defendant, showing an amount due Johnson as salary, had been before a meeting of the stockholders, and was not objected to; and the court submitted the question of the ratification of the rendition of the services to the jury. Judgment for plaintiffs, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Sutherland Tenny,* for appellant. *Robert L. Harrison,* for respondents.

VAN BRUNT, P. J. When this action was upon appeal before, (47 Hun, 235,) a recovery had been had upon proof of certain agreements between the assignor of the plaintiff, who was president of the defendant, and two other of the trustees of the defendant, fixing compensation for the performance of services rendered by him to the defendant, and the judgment was reversed upon what has now become the familiar principle that an officer of a corporation cannot make a binding agreement with it, but, if he has any claim for services rendered or for materials furnished, he can only recover upon *quantum meruits,* not upon an agreement as to price. Upon the new trial of this action evidence as to the *quantum meruits* was offered, which was objected to by the defendant's counsel as not being within the pleadings, which objection was sustained; and the plaintiff was thereupon, over the exception of the defendant, allowed to amend his complaint, alleging the reasonable value of the services. It is claimed that the court had no power to allow this amendment, upon the ground that it substantially changed the cause of action. This objection does not seem to be well founded. The cause of action was not changed. The declaration was for work, labor, and services, and such the declaration remained, even after the amendment. The method of proving the damages only was changed. It would appear that the complaint was entirely sufficient originally to admit of proof as to the *quantum meruits.* The rule under the old system of pleading was that, under an *indebitatus* count in *assumpsit* or debt, the plaintiff may recover, although there is no proof of fixed price. 1 Chit. Pl. 842. Under this rule of pleading the complaint in this action was sufficient to admit evidence of the *quantum meruits* without amendment.

The objection that the complaint never was in fact amended does not seem to be well founded, as the amendment was reduced to writing, duly ordered to be made, and, even if omitted from the judgment, the irregularity cannot avail upon this appeal, as the record before us shows that the amendment had been actually made. The exception to so much of the charge as submitted to the jury the question of subsequent ratification of the rendition of the services has no foundation. There was sufficient evidence to bring the case within the principle of *Jackson* v. *Railroad Co.*, 2 Thomp. & C. 653, which case was subsequently affirmed by the court of appeals, (58 N. Y. 623.) The judgment appealed from should be affirmed, with costs.

DANIELS, J., (*concurring.*) I agree to affirm for the reasons assigned, and also for the further reason that under section 723 of the Code of Civil Procedure the court was fully empowered to make the amendment which was allowed. It was no more than inserting another allegation material to the case, which this section expressly authorizes.

BARTLETT, J., concurs.